# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHAD WOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-01382-SGC ) |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION[1]

The plaintiff, Chad Wood, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Wood timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

**I. Procedural History**

Wood completed the tenth grade and previously has been employed as a screen printer, food assembler, and fish cleaner. (Tr. at 25, 39). In his application for DIB, Wood alleged he became disabled on May 1, 2016, as a result of a variety

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9).

of physical and mental impairments. (*Id.* at 151, 174). After his claim was denied, Wood requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 17). Following a hearing, the ALJ denied Wood's claim. (*Id.* at 14-31). Wood was 51 years old when the ALJ issued his decision. (*Id.* at 25). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-6), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Wood commenced this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). Furthermore, a claimant must show he was disabled between his alleged initial onset date and his date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §

404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Wood meets the SSA's insured status requirements through December 31, 2021, and had not engaged in substantial gainful activity since May 1, 2016, the alleged onset date of his disability. (Tr. at 19).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c). At the second step, the ALJ determined Wood has the following severe impairments: diabetes mellitus with peripheral neuropathy, dysthymic disorder, depressive disorder, and anxiety disorder. (Tr. at 20).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of

impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled.  *Id.* at § 404.1520(a)(4)(iii) and (d).  At the third step, the ALJ determined Wood does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings.  (Tr. at 20-23).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. § 404.1520(e).  At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  *Id.* at § 404.1520(a)(4)(iv) and (e).  If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled.  *Id.* at § 404.1520(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined Wood has the RFC to perform a limited range of light work.  (Tr. at 23-25).[2]  At the fourth step, the ALJ

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).

determined Wood is not able to perform his past relevant work. (*Id.* at 25).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1).

At the fifth step, considering Wood's age, education, work experience, and RFC, the ALJ determined there are jobs existing in significant numbers in the national economy, such as those of small product assembler, bench assembler, and assembler of hardware/cutlery, that Wood can perform. (Tr. at 26-27). Therefore, the ALJ concluded Wood is not disabled. (*Id.* at 27).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts,

reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Wood argues the ALJ erred by discrediting his testimony regarding his subjective symptoms. (Doc. 14).

A claimant may establish disability through testimony of pain or other subjective symptoms. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). To do so, he must satisfy the three-part "pain standard" by showing (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other subjective symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other subjective symptoms. *Id.*; *see also Taylor v. Acting Comm'r of Soc. Sec. Admin.*, 2019 WL 581548, at *2 (11th Cir. 2019) (citing *Dyer*, 395 F.3d at 1210); 20 C.F.R. § 404.1529; SSR 16-3p. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir. 1986)).

An ALJ may discredit a claimant's testimony regarding his subjective symptoms provided he or she clearly articulates explicit and adequate reasons for doing so. *Brown*, 921 F.2d at 1236; *Taylor*, 2019 WL 581548, at *2 (citing *Dyer*, 395 F.3d at 1210). In evaluating a claimant's testimony regarding the intensity, persistence, and limiting effects of his symptoms, an ALJ considers all available evidence. 20 C.F.R. § 404.1529(c); SSR 16-3p.

Wood testified he is unable to work because his diabetes causes peripheral neuropathy in his feet, which manifests as "hot spots" and constant tingling that is aggravated by standing, walking, and heat, and because his anxiety and depression prevent him from dealing with work-related stress and tolerating social interaction. (Tr. at 24, 45, 47-48, 52-54). He further testified his diabetes and peripheral neuropathy have gotten progressively worse. (*Id.* at 45). The ALJ determined that while Wood's medically determinable impairments reasonably could be expected to cause some of his subjective symptoms, Wood's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence of record. (*Id.* at 24).

The ALJ articulated multiple reasons for discrediting Wood's testimony, including that (1) Wood's testimony of debilitating physical symptoms associated with diabetes and peripheral neuropathy was not consistent with the medical evidence of record, (2) the record did not include any treatment notes recommending work-related restrictions for Wood, and (3) the opinions of Dr. William B. Beidleman, a consultative psychologist who performed a comprehensive psychological evaluation of Wood in August 2016, and Dr. Robert Estock, a state agency psychiatrist who reviewed Wood's claim, do not support the existence of debilitating limitations resulting from Wood's mental impairments. Together, these were appropriate reasons to discredit Wood's subjective symptoms testimony. *See*

8

20 C.F.R. § 404.1529(c)(2) and (3); SSR 16-3p; *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 711-12 (11th Cir. 2015) (holding ALJ properly discredited claimant's subjective sypmtoms testimony where that testimony was inconsistent with objective medical evidence); *Couch v. Astrue*, 267 F. App'x 853, 855 (11th Cir. 2008) (holding ALJ properly rejected treating physician's opinion that claimant's mental impairment rendered her disabled where physician's treatment notes did not suggest or impose any restrictions on claimant's activities or otherwise indicate claimant was precluded from working due to her mental impairment); *Charpentier v. Comm'r of Soc. Sec.*, 2016 WL 4523903, at *14-15 (M.D. Fla. Aug. 30, 2016) (holding ALJ properly discredited claimant's subject symptoms testimony where that testimony was inconsistent with findings of consultative examiner).

Moreover, each reason is supported by substantial evidence. Dr. J. Rodolfo Vargas, an endocrinologist, treated Wood's diabetes during the relevant period. In June 2016, shortly after Wood's alleged onset date of disability, Dr. Vargas noted Wood's diabetes was under "good control." (Tr. at 316). While he did note Wood's diabetes was "out of control" in late 2017 and early 2018, by the end of July 2018, it was again under "fairly good control." (*Id.* at 353, 357, 363). Additionally, systems reviews and physical examinations of Wood performed by Dr. Vargas between June 2016 and July 2018 were largely unremarkable. (*Id.* at 316-17, 341-

42, 347, 353, 357, 363).[3] Neither Dr. Vargas' treatment records, nor records of mental health treatment Wood received during the relevant period, document any work-related or other restrictions recommended for Wood. (*Id.* at 316-17, 341-42, 347, 353, 357, 363, 351, 359-61).

Neither Dr. Beidleman nor Dr. Estock found Wood's mental impairments to cause debilitating limitations. (*Id.* at 68-73, 333-35).[4] The ALJ gave significant weight to the opinions of Dr. Beidleman and Dr. Estock and accounted for the less-than-debilitating limitations each endorsed in formulating Wood's RFC. (*Id.* at 23, 25). More specifically, the ALJ determined Wood can understand, remember, and carry out only simple instructions and tasks for two-hour blocks of time; Wood can have only occasional work-related interaction with the public, co-workers, and supervisors; and that workplace changes should be infrequent and gradually introduced. (*Id.* at 23).[5]

---

[3] The undersigned also notes that while Wood did complain of burning and swelling in his feet in June 2016 (Tr. at 316), Dr. Vargas' subsequent treatment notes do not document additional complaints of symptoms associated with peripheral neuropathy. *Dyer*, 395 F.3d at 1211 (holding ALJ properly discredited claimant's testimony of disabling neck pain where claimant "often went for months or years between complaining of this pain to his physicians").

[4] Dr. Beidleman concluded Wood "appears to be able to function independently at a fair level" and "should be able to understand and remember simple instructions" but "is likely to have difficulty responding appropriately to fellow employees and supervisors" and to have "problems coping with significant work pressures." (Tr. at 335). Dr. Estock concluded Wood has no more than moderate limitations in various areas of mental functioning. (*Id.* at 71-72).

[5] The undersigned also notes Dr. Beidleman found it "important to note [] Wood emphasize[d] diabetes and physical problems as being primary work barriers." (Tr. at 335). This statement made by Wood to Dr. Beidleman undermines Wood's testimony his mental impairments cause debilitating limitations. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 743 (11th Cir. 2011) (holding ALJ properly discredited claimant's subjective symptoms testimony where that

10

Wood spends much of his brief citing evidence he claims supports his allegations of disabling subjective symptoms and claims the ALJ impermissibly cherry-picked evidence to support his own conclusion. (Doc. 10 at 7-12). However, as stated, the relevant question is not whether evidence support Wood's argument but whether substantial evidence supports the AJL's determination. *See Moore*, 405 F.3d at 1213 (discussing "narrowly circumscribed" nature of appellate review); *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 (11th Cir. 2015) ("[W]e review the ALJ's decision for substantial evidence, but neither make credibility determinations of our own nor re-weigh the evidence."). Because the ALJ clearly articulated explicit and adequate reasons for discrediting Wood's testimony regarding his subjective symptoms and those reasons are supported by substantial evidence, the ALJ did not commit error.[6]

---

testimony was inconsistent with her own report to consulting psychologist that she performed various household chores and regularly attended church and socialized).

[6] Within his argument regarding the ALJ's decision to discredit his testimony, Wood claims the ALJ should have applied Grid Rule 201.10. (Doc. 14 at 10). The "Grids," also known as the Medical-Vocational Guidelines, are found at 20 C.F.R. Part 404, Subpart P, App. 2. An ALJ may use them to determine at the fifth step whether other work exists in substantial numbers in the national economy that a claimant is capable of performing. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

> The [G]rids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."

*Id.* at 1240. Grid Rule 201.10 directs a finding of disability for a claimant who meets certain age, education, and previous work experience requirements and is limited to sedentary work. 20 C.F.R.

## V. Conclusion

Having reviewed the administrative record and considered all the arguments presented by the parties, the undersigned finds the Commissioner's decision is due to be **AFFIRMED**.  A separate order will be entered.

**DONE** this 25th day of March, 2021.

                                                            */s/ Staci G. Cornelius*
                                                         STACI G. CORNELIUS
                                                         U.S. MAGISTRATE JUDGE

---

Part 404, Subpart P, App. 2, § 201.10.  The ALJ determined Wood has the RFC to perform a limited range of light work.  (Tr. at 23).  That determination is supported by substantial evidence, including the evidence discussed above.  Therefore, Grid Rule 201.10 does not apply to Wood.